**SHELBY MUTUAL CASUALTY CO.**, Plaintiff-Appellee, v. **PUGLIESI**, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2264.    Decided November 25, 1953.

Harshman, Young, Colvin & Alexander, Dayton, by Robert C. Alexander, of Counsel, for plaintiff-appellee.

Matthews & Altick, Dayton, by Hugh H. Altick, of Counsel, for defendant-appellant.

## OPINION

By THE COURT:

This is a law appeal from the Municipal Court of Dayton in an action in which judgment was rendered for plaintiff on a subrogated claim arising out of damage to the automobile of plaintiff's insured, allegedly caused by defendant's negligence.

Plaintiff claims that while the automobile of its insured was parked on the street near the curb adjacent to defendant's premises, the defendant in trimming a tree situated near the curb, permitted limbs to fall on the automobile and that such limbs were pulled over said automobile, causing damage requiring the automobile to be repainted.

There was no direct evidence that the limbs fell on said automobile. The defendant testified that he held the limbs with the left hand and with his right hand severed the limbs by the use of a hatchet. The insured testified that his automobile was parked under a tree which had been trimmed; that on the night before when the automobile was parked there were no scratches on said automobile, but that on the evening following the day on which the trimming was done he observed scratches all over the automobile—on the top, hood, trunk and sides; that on the top of the automobile the scratches were long, and on the sides they were short. Defendant testified that automobiles were parked under the trees when the trimming was being done; that the limbs which were severed were at least five feet long and full of leaves; that no limbs touched the automobile, but he did admit that the leaves on the limbs touched the automobile and just brushed off the dust.

A judgment for the plaintiff can be supported only on the theory that the trial court, which tried the case without the intervention of a jury, from the facts proved could draw a reasonable inference that the damage was caused by the defendant by allowing the limbs to fall on the automobile. In **The L. S. & M. S. Ry. Co. v. Andrews, Admr., 58 Oh St 426**, the court on page 429 said:

"Certainly an allegation of fact may be established by circumstantial evidence, but the circumstances to have that effect must be such as to make the fact alleged appear more probable than any other. The fact in issue must be the most natural inference from the facts proved."

In **Vol. 39, O. Jur., page 847, Section 206,** the text is as follows:

"If proof of a material fact necessary to establish negligence rests upon an inference only, the inference must be a rational one, such as could be reasonably arrived at from the facts and circumstances testified to."

In our opinion an inference that the scratches on the automobile were caused by the defendant may reasonably be drawn from the facts proved. The only other explanation offered by counsel is that the scratches were caused by vandals. The inference drawn by the trial court, that the damage was caused by the defendant, is more probable

than any other. In arriving at this conclusion one inference is not predicated upon another inference.

Judgment affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.